## WESTERN & ATLANTIC RAILROAD CO. v. CALHOUN.

1. In the trial of a suit against a railroad company for damages sustained by the killing of a horse, it is not error to exclude evidence offered by the defendant, to the effect that the witness had seen good mules sold for a sum less than the amount claimed by the plaintiff for his horse, and that such mules had within two or three years been sold for a much larger sum, and that he had also seen other horses and mules sold at the same rate it not appearing at what place the sales occurred; such evidence being offered as original evidence to show the value of the horse in question, and not as reasons of the witness for the opinion given as to the value of the horse.

2. In the trial of a case of the character above described, it was error for the judge to charge the jury that, after ascertaining the market value of the horse killed, they should add interest from the "time of the judgment of the court below" to the time of the verdict.

3. The verdict in the present case having been returned for a given amount with interest from a certain date, and the evidence being sufficient to authorize the finding, so far as the value of the animal was concerned, and the sum so found being the full amount sued for, direction is given that the part of the verdict and judgment finding interest be written off, and that the costs of this writ of error be taxed against the defendant in error.

Argued February 15,—Decided May 26, 1898.

Appeal. Before Judge Fite. Catoosa superior court. February term, 1897.

*Payne & Tye* and *R. J. & J. McCamy*, for plaintiff in error. *Payne & Payne*, contra.

Cobb, J. Plaintiff brought suit in a justice's court against the defendant, a railroad company, for damages sustained by its negligently killing a mare belonging to him. The amount claimed was seventy-five dollars. The case came on to be tried

on an appeal in the superior court, and resulted in a verdict for the plaintiff for seventy-five dollars principal, and interest from the date of the appeal bond. Upon the trial the liability of the defendant was admitted, and the sole question submitted to the jury was the value of the property destroyed. The defendant made a motion for a new trial, upon grounds hereinafter referred to; which being overruled, it excepted.

1. The following testimony of Thos. J. Bryant, offered in behalf of the defendant, was excluded: "I saw two mules, good ones, sell for fifty dollars in the year 1895, that had within two years prior been sold for two hundred and fifty dollars for the pair. When they sold for fifty dollars each, they were worth fully one hundred dollars each in ordinary times. I saw other horses and mules sell at the same rate during the year 1895." Testimony of other witnesses to the same effect, offered by the defendant, was also excluded. We do not think there was any error in excluding this testimony. In the first place the testimony does not disclose where the mules and horses about which the witness testifies were sold. Even if evidence of this character is admissible at all, it is only admissible where the sales of the property are of similar character, surrounded by practically the same conditions as the property the value of which is under investigation. In the second place it does not appear what was the relative difference between the price of the horses and mules referred to by the witness. When the question under investigation is the value a of horse, testimony as to the value of a mule is generally not relevant. In the third place it does not appear that the evidence was offered as reasons for the opinion given as to the value of the horse which had been killed. If the witness had testified that in his opinion the value of the horse was a given amount, then the facts stated in the testimony which was excluded would probably have been admissible as reasons why he arrived at the opinion which he had given.

2. The court charged the jury as follows: "After you find the market value of the mare killed at the time she was killed, you should add to this interest from the time of the judgment of the court below." We think this charge was error. While

in cases of this character the jury are authorized to increase the damages found by the addition of interest from the time that the property was damaged or destroyed, they are not compelled to do so. This is the rule laid down by this court in numerous cases. *Central Railroad* v. *Sears,* 66 *Ga.* 499; *Western & Atlantic Railroad Co.* v. *McCauley,* 68 *Ga.* 818.

3. As the evidence was sufficient to authorize the jury to find the value of the animal to be the amount returned in the verdict as principal, this error will not necessitate a new trial, but the amount found as interest must be written off. Especially would this be true in the present case where the amount found was the full sum sued for, and even if interest had been properly returned, it would have been necessary to write it off in any event. *Georgia Railroad Co.* v. *Crawley,* 87 *Ga.* 191. Direction is therefore given, that the judgment be affirmed as to the amount described in the verdict as principal, and that the verdict and judgment be so amended as to strike therefrom so much as relates to the subject of interest, allowing the judgment to stand for the sum of seventy-five dollars; the costs of this writ of error and all costs which have accrued in the trial court since the rendition of the verdict to be taxed against the defendant in error.

*Judgment affirmed, with direction. All the Justices concurring.*