## 68802, 68803. CITIZENS BANK, DALLAS v. THORNTON & COMPANY, INC.; and vice versa.

(323 SE2d 688)

BANKE, Presiding Judge.

These appeals follow a jury verdict in favor of Thornton & Company, Inc., in its action to recover the amount of two checks allegedly converted by the defendant bank. Thornton & Company alleged that the instruments, which were made payable to an insurance agency owned by it, were converted when they were deposited to the account of a third party based on improper endorsements. The defendant bank contends on appeal that the trial court erred in denying its motions for directed verdict, judgment notwithstanding the verdict, and for a new trial. In a cross-appeal, Thornton & Company contends that the court erred in vacating the jury's award of attorney fees based on the bank's alleged stubborn litigiousness in defending the claim.

Both checks were made payable to Confederate Insurance Company, an agency owned by Thornton & Company. William Thornton, President of Thornton & Company, testified without contradiction that no one was authorized to deposit his company's checks into any non-company account. The checks were endorsed "For Deposit Only" and "Confederate Insurance Agency," respectively, and were deposited to checking accounts maintained by Wyche, Sears, & Co., a separate insurance agency which had fallen into financial trouble. Thornton testified that the checks were negotiated either by Al Wyche or Richard Huff, both of whom had been hired by Thornton & Company to solicit insurance sales. *Held:*

1. The endorsement, "For Deposit Only," was clearly ineffective to transfer title to a third party (see OCGA § 11-3-206 (3)); and the jury was entitled to conclude from the evidence that the endorsement, "Confederate Insurance Agency," was unauthorized. There being no evidence that the bank acted in a commercially reasonable manner so as to establish a defense pursuant to OCGA § 11-3-419 (3), it follows that the verdict was authorized by the evidence. Accord *National Bank of Ga. v. Refrigerated Transport Co.*, 147 Ga. App. 240 (5) (248 SE2d 496) (1978).

2. The court erred in vacating the award of attorney fees. The bank president was the only witness presented by the bank, and he offered no justification or excuse which would in any way explain why the bank accepted the deposit of the plaintiff's funds into the account of a third party without requiring proper endorsements or making any inquiry as to the third party's entitlement to the funds. On these undisputed facts, we find no reasonable defense in law or fact to the conversion claim, and we affirm the award of attorney fees based on stubborn litigiousness. See generally *Colonial Life &c. Ins. Co. v. McClain*, 243 Ga. 263 (1) (253 SE2d 745) (1979); OCGA § 13-6-11.

*Judgment affirmed in Case No. 68802. Judgment reversed in Case No. 68803. Pope and Benham, JJ., concur.*

DECIDED OCTOBER 30, 1984.

*Jeffrey B. Talley*, for appellant.
*Robert P. Wilson, W. John Wilson*, for appellee.