## 12509. ENNIS v. COSHOCTON NATIONAL BANK.

HILL, J. 1. "A draft is an open letter of request from, and an order by, one person on another to pay a sum of money therein mentioned to a third person, on demand or at a future time therein specified. A 'draft' at the present day is the common term for all bills of exchange. The words 'draft' and 'bill of exchange' are used indiscriminately." 3 Words & Phrases (1st ed.), 2196. The fact that a paper in the above form, accepted by the person on whom it is drawn, is called a "trade acceptance" does not affect its character as a draft or bill of exchange. Whatever it may be called, it is in fact and law a negotiable instrument, and, as such, is protected in the hands of a bona fide holder for value, who purchased it before it was due and without notice of any defect or defense by the maker, acceptor, or indorser, except as to the defenses expressly allowed by the statute. Civil Code (1910), § 4286.

2. A bona fide holder of a draft or bill of exchange accepted by the person on whom it is drawn, and indorsed by the payee, and purchased for value and before maturity, is protected against the defense set up by the acceptor that the draft or bill of exchange was without consideration; and when such negotiable paper is payable at a future date and is indorsed by the payee, in the absence of proof to the contrary the law will presume that the holder took the draft or bill of exchange before due, for value and without notice. Civil Code (1910), § 4288; *Butler* v. *First National Bank*, 13 *Ga. App.* 35 (78 S. E. 772); *Bothell* v. *Whitley,* 3 *Ga. App.* 755 (2, 3) (60 S. E. 371).

3. The words printed on the face of the draft, — " trade acceptance," and " this obligation of the acceptor arises out of the purchase of goods from the drawer," were not sufficient to raise any doubt as to the real character of the instrument or to impeach the title of the holder. They emphasized the negotiable character of the instrument and its binding effect upon the acceptor.

4. None of the entries on the face and back of the instrument, made by the officers of the plaintiff bank and other banks through whose hands it had passed in the effort to collect it from the defendant as acceptor, affected the bona fides of the plaintiff's title.

5. The assignments of error on the rulings relating to the admissibility of testimony specifically set out in grounds 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, and 20 of the motion for a new trial are without substantial merit.

6. The judgment overruling the demurrers to the petition was right.

7. The numerous grounds of the motion for a new trial contain no merit that would have warranted the grant of another trial. The evidence clearly and conclusively proved that the plaintiff had purchased the instrument in good faith, for value, before maturity and without any notice that it was without consideration. The denial of these facts by the acceptor of the paper as defendant was not sustained by any evidence. A verdict for plaintiff was therefore demanded. *Parr* v. *Erickson*, 115 *Ga.* 873 (42 S. E. 240).

     *Judgment affirmed.* *Jenkins, P. J., and Stephens, J., concur.*

     DECIDED OCTOBER 7, 1921. REHEARING DENIED OCTOBER 13, 1921.

Complaint; from Baldwin superior court — Judge Park. April 27, 1921.

*Sibley & Sibley,* for plaintiff in error.

*D. S. Sanford,* contra.