36683.   MATTHEWS v. GRIFFIN.

DECIDED MAY 28, 1957.

*Essley B. Burdine, William Butt, Herman J. Spence,* for plaintiff in error.

*A. J. Martin, H. G. Vandiviere, H. L. Buffington, Jr.,* contra.

GARDNER, P. J. The plea of non est factum challenged the authority of the president of the corporation to transfer the note in question to the plaintiff. The burden of proof is on the plaintiff to show a valid signature by a person with the authority to execute it as against a proper plea of non est factum by the defendant. The authority to transfer a note is not presumed to be in the officer of a corporation, nothing else appearing but the fact that such person is such officer. Such authority is presumed where the seal of the corporation appears. It does not appear on this instrument. Such authority is presumed where it appears from the evidence that such officer is in active charge of the management of its affairs, and the act is in the furtherance of its affairs. There is no evidence in this record that the president of the corporation was in active charge of the management of the affairs of the corporation. Such authority may be presumed where other acts of a similar nature have been done, and ratified by the corporation. Nothing to the effect appears here. *Brown* v. *Bass,* 132 *Ga.* 41 (63 S. E. 788).

The trial court properly excluded the note from evidence and granted the nonsuit.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*