## 38666.   EQUITABLE DISCOUNT CORPORATION v. GUEST.

CARLISLE, Judge.   1.   Under the Uniform Negotiable Instruments Act, "A holder in due course holds the instrument free from any defect of title to prior parties, and free from defenses available to prior parties among themselves, and may enforce payment of the instrument for the full amount thereof against all parties liable thereon." *Code* § 14-507. A holder in due course is one who, in good faith and for value, has taken an instrument that is complete and regular upon its face before it was due, and without notice of any previous dishonor, and who, at the time he took it, had no notice of any infirmity in the instrument or defect in the title of the person negotiating it. *Code* § 14-502. Actual knowledge of infirmity or defect or knowledge of facts such as to render his taking of the instrument an act of bad faith is necessary in order to constitute notice of infirmity under the foregoing law. *Code* § 14-506. Under these rules, the mere fact that a trade acceptance, which was otherwise shown to be complete and regular upon its face, had printed thereon the words: "Trade Acceptance" and "The transaction which gives rise to this instrument is the purchase of goods by the acceptor from the drawer," was not sufficient to constitute such notice of infirmity in the instrument as to alter the status of the plaintiff as a bona fide holder in due course. *Ennis v. Coshocton Nat. Bank*, 27 Ga. App. 479 (3) (108 S. E. 811).

2. Where one sued upon a negotiable instrument, which is complete and regular upon its face, files an answer under oath denying that the transfer and indorsement to the

plaintiff is genuine, but which answer does not amount to a plea of non est factum (cf. *Matthews v. Griffin*, 95 Ga. App. 837, 99 S. E. 2d 342), the burden is cast upon the plaintiff to prove the genuineness of the indorsement before such note can be introduced in evidence. *Hancock v. Empire Cotton Oil Co.*, 17 Ga. App. 170 (3) (86 S. E. 434). But, where the sole witness for the plaintiff testified, without objection, that he handled the transaction personally as an officer of the plaintiff corporation at the time it bought the instruments sued on from the payee, and that the instruments sued on bore the indorsement of the payee when the plaintiff corporation acquired them on November 17, 1958, for a valuable consideration; that the instruments were physically delivered to the plaintiff by the payee corporation; that the plaintiff corporation had no notice of any infirmity in the instruments; that the instruments were due respectively on February 15, March 15 and April 15, 1959, such witness will be presumed to have testified from his own knowledge, and where the instruments sued on were introduced in evidence without objection (*Hancock v. Empire Cotton Oil Co.*, supra) and appear to be in accord with the facts as thus testified to by the witness, and show indorsements in blank bearing the name of the payee corporation and the signature of an individual, and where the defendant introduced no evidence of facts or circumstances to indicate that the instruments were not received by the plaintiff under the circumstances thus testified to, such evidence on behalf of the plaintiff was sufficient to show, prima facie, ownership of the instruments by the plaintiff (*Code* § 14-405) to carry the burden for the plaintiff and to overcome the mere general averments of the defendant's sworn answer. *Metropolitan Discount Co. v. Wardlaw*, 37 Ga. App. 423 (1) (140 S. S. 525). The evidence demanded a verdict for the plaintiff and the trial court erred in refusing to direct a verdict and in thereafter denying the plaintiff's motion for a judgment n. o. v.

3. Under the rulings announced in the foregoing headnotes, where the evidence showed that the defendant had accepted the instruments sued upon and that the same were in the hands of the plaintiff, a holder in due course, the defendant did not have available to him the defense of failure of

consideration (*Swafford v. Certified Finance Co.*, 90 Ga. App. 83, 85 (82 S. E. 2d 168), and although the defendant was permitted to introduce evidence as to failure of consideration without objection, such evidence was wholly without probative value insofar as a defense to the instruments sued on was concerned and was insufficient to make a jury issue.

4. Inasmuch as the ruling above made disposes of the case, it is unnecessary to rule on the other assignments of error relating to the rulings on the demurrers to the answer and on the motion for a new trial.

*Judgment reversed. Townsend, P. J., Frankum and Jordan, JJ., concur.*

DECIDED FEBRUARY 10, 1961—
REHEARING DENIED MARCH 7, 1961.

*Steve F. Mitchell*, for plaintiff in error.
*Maxwell A. Hines*, contra.