### 45844.   MORRIS v. DURBIN.

JORDAN, Presiding Judge. The defendant in the lower court, Morris, appeals from a judgment for the unpaid principal and in-

terest due on a promissory note payable to the plaintiff, Durbin.

Morris executed the undated note for $10,000, due on September 1, 1969, as payment for 100,000 shares of the United Standard Corporation. He and Durbin signed an instrument dated July 7, 1969, referring to a note in this amount and a stock certificate for 100,000 shares of stock "held in escrow" and providing further that "Linn F. Durbin agrees at such time as this stock has been released by the escrow agent, Linn F. Durbin will execute such transfer as may be required by said Hugh Morris to such person or persons as said Hugh Morris may designate." By a letter to Durbin dated August 29, 1969, which Durbin received on or about September 2, 1969, Morris expressed "regret that we are unable to complete the arrangements."

An escrow agreement dated February 11, 1969, designates the First National Bank of Atlanta as the "Escrow Agent" of United Standard Corporation for the deposit of shares of common stock of the United Standard Corporation to meet the requirements of the Georgia Securities Act of 1957, as amended. It provides that during the period of holding "no transfer or any disposition of any of said shares or of any interest therein is to be made whether subject to this escrow agreement or otherwise but all of said shares are to be held intact as issued and placed in escrow hereunder."

A certificate of the Secretary of State dated June 12, 1970, refers to records on file in the office of the Commissioner of Securities for the State of Georgia, and states "that such agreement of escrow reflects that 100,000 shares of such common stock issued to Linn F. Durbin evidenced by Certificate Number 1007 were placed into escrow with said escrow agent pursuant to such agreement and the requirements of Sec. 3A (c) of the Georgia Securities Act of 1957, for a period in the discretion of the Commission of Securities, but in no event to exceed two years; and such 100,000 shares have not been authorized for release from the escrow by the Commissioner." *Held:*

In our opinion the evidence establishes that the plaintiff, as the original payee of the note, and as a party to the transaction for the sale of securities, of which the note is but a part, is limited

in his claim on the note to the rights of one who is not a holder in due course. See UCC-Commercial Paper §§ 3-301, 3-302, 3-305, 3-306 (*Code Ann.* §§ 109A-3—301, 109A-3—302, 109A-3—305, 109A-3—306).

It is also undisputed that the securities which the plaintiff purported to sell and which the defendant purported to buy, and for which he executed the note, were "in escrow" under Sec. 3A (c) of the Georgia Securities Act of 1957, as added by Ga. L. 1959, pp. 89, 97 (*Code Ann.* § 97-104.1 (c)). The term "in escrow" as used in the statute means, in our opinion, that the securities are to be placed absolutely beyond the control of the depositor. See *Code* § 102-102; *Fulton Land Co. v. Armor Insulating Co.*, 192 Ga. 526 (1) (15 SE2d 848). The escrow agreement obviously was intended to accomplish this purpose in providing for no transfer of the shares or any interest therein.

As the contract violates the statute, Sec. 3A (c), and the escrow agreement purporting to meet the conditions of the statute, it was, under Sec. 13 of the statute (Ga. L. 1957, pp. 134, 161; *Code Ann.* § 97-114), voidable at the election of the purchaser and unenforceable. It is therefore unnecessary to consider the applicability of *Code* § 20-501, although we note that the above cited statute includes a saving clause (Sec. 13 (c)) preserving other statutory or common law rights.

*Judgment reversed. Quillian, J., concurs. Evans, J., concurs in the judgment.*

ARGUED JANUARY 7, 1971—DECIDED FEBRUARY 25, 1971.

*McClain, Mellen, Bowling & Hickman, A. Orville Bracey, III, Michael T. Turner,* for appellant.

*Rich, Bass, Kidd & Broome, E. Dale Dewberry,* for appellee.