## 51211. COLLINS v. NORTON et al.

DEEN, Presiding Judge.

1. The depository of property held in escrow is the agent of both parties in carrying out the escrow. *Williams v. Northside Realty Assoc.,* 116 Ga. App. 253 (157 SE2d 166). Its purpose is merely to fulfill the terms of the agreement, or, as here, of the law. The fact of escrow removes the property absolutely from the control of the depositor. *Morris v. Durbin,* 123 Ga. App. 383, 385 (180 SE2d 925). Title, however, remains in the depositor who surrenders his property to the third party, until all conditions of the escrow are accomplished or it is abandoned and he or another receives the property from the depository. *Foy v. Scott,* 197 Ga. 138, 139 (28 SE2d 107). This title may ordinarily be sold subject to the conditions of the escrow agreement. Where a block of stock placed in escrow was to be held until certain contingencies happened and then returned to the depositor, an assignment by the depositor executed during the existence of the escrow, to become effective at its completion, is valid. Bertram v. Exchange Trust Co., 4 F Supp. 392 (1). Thus title may change although the right of possession does not. It follows that no statutory or common law right referred to in Code § 97-114 (c) would prevent one who has placed stock in escrow, to be returned to the grantor on fulfillment of statutory conditions, from selling to a third party subject to the terms of the escrow.

2. However, Code § 97-114 itself provides that any sale of securities in violation of the Securities Law in Chapter 97-1 shall be voidable at the election of the purchaser. Under subsection (c) any speculative securities (within the definition of which the block of stock here involved falls) issued or transferred to officers, agents or persons promoting them must under conditions here obtaining be placed in escrow for a period of up to two years, as set by the Commissioner of Securities of Georgia. In *Morris,* supra, where a block of stock was placed in escrow under similar conditions, the agreement also stating that " 'no transfer or any disposition of any of said shares or of any interest therein is to be made whether subject to this escrow agreement or otherwise,' " and the

depositor sold the stock to a third party, apparently not connected with the promotion of the stock, and the third party gave a note in payment for the block of stock, but later attempted to rescind the agreement and was sued on the note, it was held that the sale was in violation of both the statute and the agreement, and was therefore voidable and unenforceable at the election of the purchaser.

We have shown above that no other rule of law than this statute would render such a sale illegal. We have also shown that a remedy for such violation is given only to the *purchaser* of the stock who, prior to delivery, attempts to rescind the agreement.

In the present case the plaintiff Collins, a promoter and member of the board of directors of the company, sold an escrowed block of stock to Norton, also a promoter and member of the board of directors, for $3,000 which was paid to him and which he now has. Thus, it is the seller and not the buyer who is complaining of the illegality of the transaction. Norton and Fuller have paid for the stock (to be delivered at the conclusion of the escrow) and he wishes to go through with the deal. Since the sale is not illegal unless made so by the Act itself, and since the Act gives no remedy to the seller of the stock, although providing that the transaction is voidable at the option of the *buyer*, Collins has no enforceable right under Code § 97-114 to renege, and he has no other common law or statutory right to do so. Nothing to the contrary is held in *Turpin v. Wilson*, 133 Ga. App. 239 (211 SE2d 316) also involving a purchaser seeking to recover the price paid for stock which could not be delivered because of the escrow. The court held (p. 242) that "it is not inappropriate, as in the case at bar, for a plaintiff to pursue recovery on a theory of assumpsit or money had and received where defendant fails to deliver the securities contracted for and refuses to refund the monies received by the purchaser." In this context it applied the right retained by Code § 97-114 (c) to pursue any other statutory or common law right which the litigant might have aside from the Securities Act. In that case there was a default on the part of the seller-defendants. In this case there is no default on the part of the purchasers-defendants.

3. Further, the plaintiff, an officer and director of the corporation, participated in the sale of the escrowed stock and received his payment for it. Furthermore, the agreement contained provisions which would ultimately result in reissuance of the stock so. as to conform to a prospectus the application for which was verified by the plaintiff by affidavit, that the Class B stock was owned in equal 20,000 share lots by each of the five directors, which included both plaintiff and defendants. The prospectus was so verified some time after the original sale between plaintiff and defendants, and conformed to it. If, as he now contends, the sale was in fact *void,* then his affidavit is untrue, and his participation illegal. "A participant serving as an officer and director of a corporation at the time stock of the corporation is issued cannot recover the sums he paid for a portion of said stock under the purchasers' remedies section of the Georgia Securities Act (Ga. L. 1957, pp. 134, 161; Code Ann. § 97-114) on the ground said stock was not properly registered in accordance with the Act because such a participant is equally guilty with the defendants of violating the Georgia Securities Act." *Nash v. Jones,* 224 Ga. 372 (162 SE2d 392), and see also the discussion of this case in *Turpin,* supra. These facts alone are sufficient to prevent recovery.

4. The plaintiff-appellant further contends that the sale was not completely executed because the stock has not been reissued, and that he participated in it in the first instance because of fraudulent inducement by the defendants. We have examined these contentions and find no merit in them. The defendants have no right to possession of the stock until it is released from escrow; only at that time will it be reissued. Plaintiff has alleged no facts which support his allegations of fraud. The trial court properly granted the motion for summary judgment and denied that of Collins.

*Judgment affirmed. Evans and Stolz, JJ., concur.*

ARGUED SEPTEMBER 29, 1975 — DECIDED
OCTOBER 9, 1975.

*Smith, Cohen, Ringel, Kohler & Martin, Marion Smith, II, Bruce H. Beerman,* for appellant.

*Fierer & Devine, Foy R. Devine, Lawrence E. McEvoy, Jr., Jones, Bird & Howell, Dow N. Kirkpatrick, II,* for appellees.