## 33760. NALLEY v. KARR.

UNDERCOFLER, Presiding Justice.

Mellie K. Nalley appeals from the grant of summary judgment to E. E. Karr in an action seeking reformation of a warranty deed on the grounds of mutual mistake.

Nalley's petition and affidavit show she bought a lot from Karr in 1970 which she agreed to quitclaim to him in 1971 in exchange for another lot which was to contain the same amount of land. Karr measured and staked off this land and Nalley then moved her house trailer upon the lot, with Karr present and directing its placement. A warranty deed was executed and accepted by Nalley. In March, 1976, Nalley had the lot surveyed and found her trailer and other improvements located partially on Karr's property. Nalley filed suit, alleging in her petition (1) that the deed did not convey the land agreed upon; and (2) the beginning point was inaccurate. Karr answered, denying these allegations, and moved for summary judgment. After considering the pleadings, four deeds and a plat of survey offered by Karr and the plat of survey and an affidavit offered by Nalley in rebuttal to the motion, the trial court found that the beginning point was accurate and found that Nalley "alleges neither fraud nor facts evidencing a mutual mistake [and] . . . the prior oral agreement of the parties is as a matter of law merged into the deed which was delivered to and accepted by the plaintiff as performance of the agreement." We reverse.

Under relaxed rules of notice pleading, Nalley's complaint must be viewed as stating a claim for reformation of the warranty deed based upon mutual mistake. "The doctrine of merger is applicable where there is no evidence of mutual mistake (or actionable fraud) but it should not be used to bar considerations of probative evidence offered to show an alleged mutual mistake in this reformation case." *Rasmussen v. Martin,*

236 Ga. 267, 269 (223 SE2d 663) (1976).

A defendant who is a movant for summary judgment, in order to prevail, must pierce the pleadings of the plaintiff and show to the court that at least one essential element under any theory of recovery is lacking and incapable of proof. *Waldrep v. Goodwin,* 230 Ga. 1 (1) (195 SE2d 432) (1973). Karr's evidence essentially consisted of the deed sought to be reformed and thus he failed in this burden.

*Judgment reversed. All the Justices concur.*

SUBMITTED JUNE 23, 1978 — DECIDED SEPTEMBER 5, 1978.

*Glyndon C. Pruitt,* for appellant.
*Morgan & Sunderland, Thomas Stanley Sunderland, Handsel G. Morgan, Jr.,* for appellee.