34807. MARATHON U. S. REALTIES, INC. v. KALB et al.
34808, 34809. KALB et al. v. MARATHON U. S. REALTIES, INC. et al. (two cases).

PER CURIAM.

The appeals (Case Nos. 34807 and 34809) and the cross-appeal (Case No. 34808) are from orders of the trial court granting and denying in whole or in part various motions for summary judgment eliminating or retaining certain issues or parties in a case brought by the sellers of improved real property against the escrow agent, in which the purchaser had intervened to assert its defenses

and counterclaim..

*CASE NO. 34809.*

After the escrow agent paid the $347,566.97 claimed by the sellers into the registry of the court and the purchaser had intervened to assert its claims to the fund, summary judgment was granted to the escrow agent, which ruling is the subject matter of Case No. 34809.

The sellers' enumerations of error contend that the escrow agent's motion for summary judgment should not have been granted because there are genuine issues of material fact as to whether or not the refusal of the escrow agent to pay the funds over to the sellers upon demand was in bad faith for the purpose of protecting the escrow agent and the purchaser from certain alleged errors made in the real estate closing documents.

As a result of an alleged error in the closing documents, the purchaser advised the escrow agent not to make distribution of $225,000 of the escrow funds. Thereafter, the sellers demanded payment of the escrow fund to them. The purchaser then notified the escrow agent that it was claiming entitlement to all the money remaining in escrow. The escrow agent declined to pay the fund or any part of it either to the sellers or to the purchaser.

The escrow agent claims entitlement to refuse both claims based upon the following provision of the escrow agreement: "In the event of any disagreement or presentation [of] adverse claims or demands in connection with or for any item effected hereby, Escrow Agent shall at its option be entitled to refuse to comply with any such claims or demands during the continuance of such disagreement and may refrain from delivering any item or paying any sums affected thereby, and in so doing, Escrow Agent shall not be liable to any party hereto due to its failure to comply with such adverse claims or demands. Escrow Agent shall be entitled to continue, without liability, to so refrain and refuse to act: (a) Until all rights of the adverse claimants have been finally adjudicated (including all appeals) by a court having jurisdiction of the parties and items affected hereby, after which Escrow Agent shall be entitled and shall be required to act in conformity with such adjudication; or (b) Until all adverse

claims shall be adjusted by agreement and Escrow Agent shall have been notified thereof and shall have directed in writing signed jointly or in counterpart by all parties making adverse claims or demands, at which time Escrow Agent shall be entitled and shall be required to act in conformity with such agreement."

The sellers' complaint asserted personal liability of the escrow agent to the sellers for breach of the escrow agreement by refusing to pay the funds to the sellers upon their demand and sought judgment in the amount of the escrow fund balance. The escrow agent paid the entire escrow balance of $347,566.97 into the registry of the court and was dismissed as a party by grant of summary judgment.

The escrow agent was obligated, as agent for the sellers and the purchaser, to fulfill the obligations imposed by the escrow agreement. *Collins v. Norton,* 136 Ga. App. 105 (220 SE2d 279) (1975). The escrow agent's rights, duties, and defenses are as provided by law and by the terms of the escrow agreement. *Williams v. Northside Realty Assoc.,* 116 Ga. App. 253 (157 SE2d 166) (1967); *Collins v. Norton,* supra.

The escrow agent agreed to act in good faith. The escrow agreement expressly gives the escrow agent an option to refuse to pay either the sellers or the purchaser prior to final judgment or settlement when conflicting claims or demands as to whom payment should be made are presented to the escrow agent by the sellers and the buyer. The motive of the escrow agent is immaterial since there "can be no breach of an implied covenant of good faith where a party to a contract has done what the provisions of the contract expressly give him the right to do." *Automatic Sprinkler Corp. of America v. Anderson,* 243 Ga. 867 (1979). The same rule must apply when good faith is expressly convenanted. The trial court did not err in granting summary judgment dismissing the escrow agent as party.

*CASE No. 34808.*

The sellers moved for summary judgment on all three counts of the purchaser's counterclaim. The trial court denied the sellers' motion as to Counts 1 and 2 of the purchaser's counterclaim, and these denials are

enumerated as error by the sellers in the cross appeal, Case No. 34808.

The motion to dismiss the cross appeal is denied. The case of *Marietta Yamaha, Inc. v. Thomas,* 237 Ga. 840 (229 SE2d 753) (1976) is overruled, based upon what this court held in *Executive Jet Sales, Inc. v. Jet America, Inc.,* 242 Ga. 307 (248 SE2d 676) (1978).

Count 1 of the counterclaim seeks reformation of certain sale closing documents. The purchaser alleges that as a result of mutual mistake $225,000 in excess of the sum the purchaser agreed to pay was delivered to the escrow agent. Count 2 of the counterclaim alleges that the sellers breached the antecedent sales contract at closing. The alleged factual basis for both counts is that certain financing arrangements were changed immediately prior to closing and that these changes were not reflected in the closing documents, although they allegedly were well understood by both parties. Affidavits, depositions and other documents containing the sworn statements of several agents of the parties who participated in the closing transaction were submitted by the parties in support of and in opposition to the motion revealing the existence of sharply drawn genuine issues as to material facts relating to whether or not the parties by their actions and inactions intended for the $225,000 to stand to the credit of the sellers or to the credit of the purchaser. The trial court did not err in denying the sellers' motion for summary judgment directed to Counts 1 and 2 of the purchaser's counterclaim. *Long v. Walls,* 226 Ga. 737 (177 SE2d 373) (1970); *Rasmussen v. Martin,* 236 Ga. 267 (223 SE2d 663) (1976); *Nalley v. Karr,* 242 Ga. 16 (247 SE2d 755) (1978).

### Case No. 34807

The denial of the sellers' motion for summary judgment as to Counts 1 and 2 of the purchaser's counterclaim leaves for trial issues relating to $225,000 of the $347,566.97 paid into the registry of the trial court. The trial court granted the sellers' motion for summary judgment as to Count 3 of the purchaser's counterclaim, thereby holding that the sellers are entitled to the $122,566.95 balance of the escrow fund. The purchaser appeals this ruling as to Count 3 in Case No. 34807,

contending that the trial court erroneously granted partial summary judgment on Count 3 because there are genuine issues of material fact as to whether or not certain acts and ommissions of the sellers constitute such noncompliances with the escrow agreement as would require the escrow agent to pay the $122,566.95 balance of the escrow agreement to the purchaser rather than the sellers under Paragraph Six of the escrow agreement, which provides: "In the event that any one or more of the conditions and events set forth in Paragraph 5 hereinabove have not occurred, then Escrow Agent shall be entitled to disburse the remaining balance of the Escrow Account to Purchaser, whereupon Sellers shall have no further right, title or interest in and to the Escrow Account and all right, title and interest in the Escrow Account shall vest in Purchaser." The escrow agreement provides that the fund "will be disbursed to Sellers for their own accounts only upon the occurrence of all of" certain specified conditions or events.

The purchaser asserts that the following genuine issues as to material facts exist with respect to sellers' compliance with the conditions of the escrow agreement: Whether or not the sellers fully and timely complied with Paragraphs 5(b), 5(d), 5(e) and 5(f) of the escrow agreement by delivering to the escrow agent satisfactory lien waivers, by making true and correct warranties and representations as therein required, by disclosing to the purchaser all claims relating to the property or their business, and by paying all persons having claims with respect to the property. Sellers assert as matters of fact that each of these requirements was met by them. Purchaser denies that all of the waivers were accepted by the escrow agent, denies that all tenant commitments were disclosed to the escrow agent, and asserts instead that some of these commitments were disclosed instead to sellers' own agent rather than to an agent for the purchaser. The sellers admit that several executions were not disclosed but assert that these do not relate to the "sellers" as named in the contract and do not affect the title to the property. The purchaser asserts that these are executions "arising from or related to the Property and the business heretofore conducted by Sellers on the

Property" within the meaning of the escrow agreement. Further, the purchaser and the sellers have drawn in issue factual questions relating to a claim and counterclaim arising out of construction of improvements on the property and whether or not they should have been disclosed by the sellers to the purchaser. Summary judgment on Count 3 was inappropriate. *Durbin v. Woods,* 235 Ga. 120 (218 SE2d 865) (1975).

The judgment of the trial court granting summary judgment for the sellers on Count 3 of the purchaser's counterclaim was error.

*Judgment affirmed in part and reversed in part. All the Justices concur in Case Nos. 34807 and 34809. All the Justices concur in Case No. 34808, except Nichols, C. J., and Hall, J., who concur in the judgment only.*

ARGUED MAY 14, 1979 — DECIDED SEPTEMBER 27, 1979.

*Gambrell, Russell & Forbes, Harold L. Russell, David M. Brown,* for appellant (Case No. 34807).

*Chambers & Cooper, John W. Chambers,* for Kalb et al.

*Troutman, Sanders, Lockerman & Ashmore, Robert L. Pennington, Gambrell, Russell & Forbes, Harold L. Russell, Jane K. Wilcox, David M. Brown,* for appellees (Case Nos. 34808 and 34809).