77802, 77803. BORG-WARNER ACCEPTANCE CORPORATION
v. LOVETT & THARPE, INC.; and vice versa.
(379 SE2d 530)

BANKE, Presiding Judge.

Borg-Warner Acceptance Corporation (hereafter referred to as Borg-Warner) sued Lovett & Tharpe, Inc. (hereafter referred to as L&T) to enforce a commercial instrument which it currently characterizes as a "promissory note," but which was characterized both in its complaint and on the face of the instrument itself as a "trade acceptance." L&T denied liability and counterclaimed to recover actual and punitive damages based on allegations that Borg-Warner had been "wilfully and stubbornly litigious" in its previous efforts to collect the alleged indebtedness, which efforts had involved obtaining a default judgment against L&T in Missouri and thereafter attempting to enforce that judgment in this state through the initiation of domestication and garnishment proceedings. Those proceedings had ultimately terminated in favor of L&T, based on a ruling that it had not been subject to the jurisdiction of the Missouri court.

L&T is in the business of manufacturing and distributing farm implements. The trade acceptance in question was executed by the

parties in connection with an agreement by Borg-Warner to finance L&T's purchase of a shipment of drive belts from a corporation known as Coon Manufacturing Company. The instrument was dated October 1, 1980, and reads as follows: "ON *February 1, 1981* PAY TO THE ORDER OF OURSELVES [the sum of $69,247.46]. The transaction which gives rise to this instrument is the purchase of goods by the acceptor from the drawer. The drawee may accept this bill payable at any bank . . . which such drawee may designate." The instrument was signed by Borg-Warner as drawer and names L&T as the drawee. It bears the written acceptance of L&T dated October 1, 1980, and naming the Farmers and Merchants Bank of Dublin, Georgia, as the bank to which the instrument is to be presented for payment.

On the day following the execution and acceptance of the instrument, Borg-Warner issued a check to Coon Manufacturing Company for $65,785.09, which was the full purchase price of the drive belts. (The remaining $3,462.37 which Borg-Warner expected to receive upon presentment of the trade acceptance constituted a service charge). Coon Manufacturing thereupon shipped the belts to L&T; but L&T ultimately found them to be defective, shipped them back to Coon Manufacturing, and instructed the Farmers and Merchants Bank to return the trade acceptance to Borg-Warner unpaid. Following the return of the goods, Coon Manufacturing duly credited L&T's account for the purchase price; however, it thereafter initiated bankruptcy proceedings.

Borg-Warner initially sought to recover the money it had paid Coon Manufacturing by asserting a claim in the bankruptcy proceedings. When that avenue proved unsatisfactory, it filed suit against L&T in Missouri to recover on the trade acceptance. L&T did not answer the Missouri suit, and Borg-Warner consequently was awarded a default judgment in the action. It thereupon filed suit in the United States District Court for the Southern District of Georgia seeking to domesticate the Missouri judgment. L&T defended the domestication action on the ground that the Missouri court had lacked in personam jurisdiction over it. The district court initially awarded Borg-Warner summary judgment on this issue, but that ruling was reversed by the United States Court of Appeals for the Eleventh Circuit. See *Borg-Warner Acceptance Corp. v. Lovett & Tharpe, Inc.*, 734 F2d 639 (11th Cir. 1984). The district court thereafter ruled that the Missouri judgment was void and unenforceable, and this time its ruling was affirmed on appeal. See *Borg-Warner Acceptance Corp. v. Lovett & Tharpe, Inc.*, 786 F2d 1055 (11th Cir. 1986). In the meantime, Borg-Warner had initiated garnishment proceedings to collect the judgment, but those proceedings had been stayed by the federal court pending the final outcome of the domestication action

and thus never resulted in the collection of any money. *Held*:

1. Borg-Warner asserts that the instrument in question is in essence a promissory note, payable unconditionally and without regard to any claims or defenses which L&T might have had against the vendor based on the asserted defects in the goods. We find this characterization of the instrument to be wholly unsupported by the language of the instrument itself, which clearly and unequivocally identifies it as a draft drawn by Borg-Warner upon L&T. See generally OCGA § 11-3-104 (2) (a & d). Even accepting Borg-Warner's argument that it qualifies as a holder in due course of the instrument within the contemplation of OCGA § 11-3-302, its claim against L&T on the instrument nevertheless remains subject to all defenses which would be available to L&T in an action based on simple contract, since a holder in due course takes an instrument free only of "defenses of any party to the instrument *with whom the holder has not dealt. . . .*" OCGA § 11-3-305 (2). (Emphasis supplied.) See also OCGA § 11-3-306 (b & c). Accord *Morris v. Durbin*, 123 Ga. App. 383, 384-5 (180 SE2d 925) (1971). Compare *Equitable Discount Corp. v. Guest*, 103 Ga. App. 258 (118 SE2d 864) (1961). Inasmuch as the instrument itself identifies the transaction giving rise to it as "the purchase of goods by the acceptor [i.e., L&T] from the drawer [i.e., Borg-Warner]," we hold that L&T was entitled to defend against Borg-Warner's claim on the ground that the goods were defective or non-conforming, with the result that the trial court did not err in allowing parol evidence to be introduced on this issue, nor in denying Borg-Warner's motion for a directed verdict.

2. Borg-Warner further contends that the trial court erred in allowing L&T to present evidence on its counterclaim and in refusing to direct a verdict against L&T on the counterclaim. However, because Borg-Warner prevailed on the counterclaim, we find this enumeration of error to be moot.

3. Borg-Warner's remaining enumerations of error are directed to various asserted defects in the court's charge to the jury. We find these enumerations of error to be either moot or without merit for the reasons heretofore stated.

4. In its cross-appeal, L&T asserts that the trial court erred in not allowing it to seek damages for malicious use/abuse of process or for abusive litigation based on Borg-Warner's actions in obtaining a default judgment against it in a state which did not have jurisdiction to issue such a judgment and in attempting thereafter to enforce that judgment in this state. Assuming arguendo that the pursuit of an otherwise non-frivolous claim could ever be considered tortious merely because the claim was pursued initially in a forum which lacked in personam jurisdiction over the defendant, it is readily apparent from an examination of the lengthy United States Court of Appeals opin-

ion affirming the judgment against Borg-Warner in the domestication action that Borg-Warner's assertion of in personam jurisdiction over L&T in the Missouri court was not frivolous but had substantial arguable merit. See *Borg-Warner Acceptance Corp. v. Lovett & Tharpe, Inc.*, supra, 786 F2d 1055. We consequently hold that L&T's counterclaim against Borg-Warner for securing and attempting to domesticate the Missouri judgment was without merit as a matter of law, with the result that the ruling complained of in this enumeration of error was not in error.

*Judgment affirmed. Birdsong and Beasley, JJ., concur.*

DECIDED FEBRUARY 10, 1989 —
REHEARING DENIED MARCH 2, 1989 — 

*Gurley & Fowler, James B. Gurley*, for appellant.
*Stanley Smith, H. Dale Thompson, Samuel A. Hilbun, Francis M. Lewis*, for appellee.