A04A1769. WALLACE et al. v. BOCK et al.
(611 SE2d 62)

MILLER, Judge.

Six years and a day after closing on their new house, John P. Wallace and Patricia Ann Wallace (the Wallaces) brought an action

---

for breach of a purchase agreement, breach of an escrow agreement, and fraud against David E. Bock and associated entities (Bock Homes), alleging that Bock Homes had failed to complete the house as agreed. The trial court granted summary judgment to Bock Homes, prompting the Wallaces to appeal.[1] We find no error and affirm.

On appeal from a grant of summary judgment, we review the evidence de novo, viewing it in the light most favorable to the nonmovant, to determine whether the trial court erred in concluding that no genuine issue of fact remains and that the moving party is entitled to judgment as a matter of law. *Rubin v. Cello Corp.*, 235 Ga. App. 250 (510 SE2d 541) (1998).

So viewed, the record shows that on July 29, 1994, the Wallaces entered into an agreement to purchase a house from Bock Homes, with closing scheduled for September 22. The closing was twice postponed because Bock Homes had failed to complete the house. On September 30, a representative of Bock Homes prepared an inspection report detailing the work remaining, including the installation of appliances, windows, lights, screens, drains, carpet, insulation, and door handles inside the house, as well as work on shingles, downspouts, deck supports, and grading outside.

At the October 3 closing, the Wallaces expressed concern that much work remained to be done. Mrs. Wallace asked her real estate agent whether they might be able to hold back some amount of the purchase price because of this unfinished work. The closing attorney then drew up an escrow agreement providing that $10,000 would be held in escrow until October 14, 1994, by which time the escrow agent "must be tendered" a "clear final inspection." After discussion and negotiation, the Wallaces and a representative of Bock Homes signed the agreement, and the closing went forward. Bock Homes failed to complete the work by October 14, and the work remained unfinished on November 11. Soon after that date, the Wallaces learned that the escrow funds had been erroneously released to Bock Homes without their knowledge or consent. The Wallaces continued to demand that Bock Homes complete the work, but Bock Homes never finished it.

On October 4, 2000, the Wallaces brought this action for breach of the purchase agreement, breach of the escrow agreement, and fraud against Bock Homes and other defendants. The Wallaces soon added Sun America as a defendant, who later settled and was dismissed from the case. Bock Homes moved for summary judgment, which the trial court granted. The Wallaces now appeal.

---

[1] The Wallaces do not challenge the grant of summary judgment to Bock Homes as to their fraud claim.

1. The Wallaces argue that since Bock Homes's failure to complete the work did not occur until October 14, 1994, their claim under the escrow agreement is not time-barred. See OCGA § 9-3-24 (actions on written contracts shall be brought within six years after becoming due and payable). Even if the claim is not time-barred, however, the Wallaces' substantive claim that Bock Homes breached the escrow agreement fails as a matter of law. In that agreement, the Wallaces and Bock Homes agreed to set aside "[t]he sum of $10,000, property of Seller/Purchaser[,]" until October 14, 1994, by which time the "Escrow Agent must be tendered" some proof of a "clear final inspection." According to the plain language of the agreement, if the house did not pass inspection by this date, the escrow agent, exercising its "sole discretion and judgment," might either (1) void the closing altogether or (2) "[a]pply such amounts as necessary" to get the work completed, "returning any excess amounts to Seller, less costs and reasonable expenses of Escrow Agent, if any."

The completion of the house, in other words, was a condition precedent to the release of the funds to Bock Homes. See, e.g., *Peacock Constr. Co. v. West*, 111 Ga. App. 604, 606-607 (142 SE2d 332) (1965) (condition precedent must occur before corresponding action is required under contract); *Jerome Distrib. v. B. L. I. Constr. Co.*, 142 Ga. App. 776, 777 (1) (237 SE2d 13) (1977) (architect's approval was unfulfilled condition precedent to payment of subcontractor). Bock Homes's failure to complete its work by October 14 so that a "clear final inspection" could be tendered meant that the condition precedent to the release of the funds to Bock Homes was not fulfilled. On that date, the escrow agent became responsible for disposing of the funds in one of the *alternative* ways specified in the escrow agreement.

In an apparent mistake, however, Sun America directed the escrow agent to release the funds to Bock Homes without any proof that the house had cleared final inspection. As a result, the Wallaces added Sun America to their complaint and were able to achieve a settlement with them. This does not mean, however, that Bock Homes itself breached the *escrow agreement* when it failed to complete its work on the Wallaces' house. On the contrary, and as the trial court found, Bock Homes had nothing left to perform *as to that agreement* after it placed into escrow the initial funds that were the subject of the agreement, and thus could not breach it as a matter of law. See *Collins v. Norton*, 136 Ga. App. 105 (220 SE2d 279) (1975) (deposit of funds in escrow removes property absolutely from depositor's control). While Bock Homes's actions in retaining the released funds may have given rise at the time to some other claim (see, e.g., *City of College Park v. Sheraton Savannah Corp.*, 235 Ga. App. 561, 564 (5) (509 SE2d 371) (1998) (setting out elements of tortious

conversion)), the Wallaces' claim against Bock Homes for breaching the escrow agreement is without merit.

2. The Wallaces contend that their cause of action arising under the original purchase agreement is not time-barred because Bock Homes's breach did not become apparent until after the closing. We disagree.

It is true that an action under the purchase agreement might well survive if the parties had not executed a new agreement concerning Bock Homes's failure to complete its work. See *Holmes v. Worthey*, 159 Ga. App. 262, 266-268 (1) (282 SE2d 919) (1981) (mere conveyance of a deed does not extinguish an action for negligent or defective construction under a purchase agreement). However, where the parties execute two successive agreements embodying completed negotiations "on the same subject," the doctrine of merger applies, and the second agreement supersedes the first. (Punctuation and emphasis omitted.) Id. at 267 (1); *Health Svc. Centers v. Boddy*, 257 Ga. 378, 380 (2) (359 SE2d 659) (1987).

Here, the purchase agreement specified that only Bock Homes's obligation to complete the house would survive the closing — precisely the subject of the separate escrow agreement executed there. Thus the Wallaces' claim for breach of the purchase agreement based on Bock Homes's failure to complete its work merges into their claim under the escrow agreement. See *Health Svc. Centers*, supra, 257 Ga. at 380 (2) (purchase agreement merged into lease agreement when both dealt with acquiring nursing home). As explained in Division 1, the Wallaces' claim under the escrow agreement fails as a matter of law. As a result, their merged action under the purchase agreement must also fail.

3. Since we find that the Wallaces' contract claims fail as a matter of law, we need not consider their remaining arguments.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED FEBRUARY 17, 2005 —
RECONSIDERATION DENIED MARCH 3, 2005 —

*Belli, Weil, Grozbean & Davis, Douglas J. Davis, Wayne S. Tartline*, for appellants.

*Ted Marcus*, for appellees.