DELOACH *v.* SIKES.

BECK, P. J.   1.   Where several persons became sureties by indorsement of a promissory note, and upon failure by the maker to pay the note at maturity it was sued on by the payee and holder to judgment against

Appeal and Error, 3 C. J. p. 825, n. 53; 4 C. J. p. 1061, n. 32.
Homesteads, 29 C. J. p. 877, n. 92.
New Trial, 29 Cyc. p. 772, n. 96.
Trial, 38 Cyc. p. 1301, n. 61.

the maker and the sureties, and thereafter the note and the judgment were transferred to one of the sureties who paid them off; and where it appears that the judgment was rendered during the pendency of bankruptcy proceedings and after the maker had been declared a bankrupt but before his discharge, and it being possible that he might have obtained his discharge and pleaded it against enforcement of the judgment, an equitable suit may be maintained upon the note by the surety who paid and had it transferred to himself, for the purpose of subjecting the property set apart to the bankrupt by the bankruptcy court as an exemption, the note containing a waiver of homestead; and the plaintiff in the equitable suit is not compelled to confine himself to his common-law rights under the judgment and execution, inasmuch as it was possible for the bankrupt to contest the validity of the judgment upon the ground that it was rendered pending the bankruptcy proceeding and before a discharge.

2. Whether or not the court should have sustained the demurrer to that part of the petition seeking a recovery of attorney's fees on the ground that petitioner was compelled to incur the expense of employing an attorney to bring the proceedings, the plaintiff in error was not injured by the ruling, inasmuch as the judgment recovered will exhaust the property set apart as a homestead, and the attorney's fees will be payable only out of the property thus set apart.

3. Where during the trial a witness was interrogated by counsel for the party in whose behalf he had been introduced, and the court sustained an objection to the question propounded, an exception to that ruling is without merit unless it be shown that the witness, if permitted to answer the question, would have stated a fact material to the issue under investigation, and what was the fact to which he would have testified, and further that the court was then and there informed as to what answer was expected from the witness by the party then interrogating him.

4. The court did not err in holding that counsel for the plaintiff was entitled to the opening and concluding argument.

5. That a judgment or decree does not follow or is not authorized by the verdict upon which it is entered can not properly be made a ground of a motion for a new trial. *Coleman* v. *Slade*, 75 *Ga.* 61.

                          *Judgment affirmed. All the Justices concur.*

             No. 6109.    FEBRUARY 17, 1928.

Equitable petition. Before Judge Strange. Evans superior court. May 28, 1927.

E. H. Sikes brought his petition against J. A. DeLoach, alleging that DeLoach is indebted to petitioner in the principal sum of $2,663.59, besides interest, upon a promissory note containing a waiver of homestead; that on July 10, 1925, DeLoach filed his voluntary petition in bankruptcy, and was on that date adjudged a bankrupt; that a trustee in bankruptcy was duly appointed and qualified; that defendant claimed homestead out of certain de-

scribed property, and on October 2, 1925, the trustee filed his report setting apart to DeLoach the property described, and this report was approved by the referee in bankruptcy, and DeLoach has taken possession of the property so set apart; that he is insolvent except for said property; that, in order that petitioner's rights may be protected, the court should grant a restraining order enjoining DeLoach from transferring or encumbering the property until petitioner has prosecuted his claim to judgment; that petitioner has not yet, but will, make an application to the bankruptcy court for an order withholding the bankrupt's discharge until these proceedings are determined. The petition is filed in behalf of petitioner and any other creditor similarly situated, for the purpose of subjecting the exemption set apart. Petitioner has been compelled to incur the expense of employing an attorney to institute these proceedings, and $200 would be a reasonable fee. He prays judgment for that amount; for judgment in rem against the property set apart as an exemption; and that defendant be enjoined from transferring or encumbering the property. The note referred to was executed by DeLoach, on January 9, 1923, to the Claxton Bank, and indorsed by Sikes and others. Sikes paid off the debt, and the note and judgment were transferred to him by the bank without recourse.

The defendant demurred generally for lack of a cause of action, and specially on the following grounds: (a) The note has already been sued to judgment, and the plaintiff already has a judgment on record, founded upon the note, and had this judgment before the homestead was confirmed and allowed by the referee in bankruptcy, and could have protected himself against said confirmation, and lost his rights in said matter by his laches. (b) That there is no equity in said suit; the note need not be sued on again when a judgment unpaid is in existence as a lien against the property set apart as a homestead, and was on record against said property before the homestead was set apart; and plaintiff can proceed with his judgment against said property now as well as he could under a new judgment. (c) Plaintiff is now barred from bringing this unnecessary suit, by his neglect to plead the merits of his judgment in the bankrupt court. (d) Plaintiff can levy his judgment at present upon said property, and under a homestead claim case can show all the rights he has under said note

or judgment; and therefore has a perfect remedy at law, and can not sue in equity. (e) Plaintiff has no right to maintain a suit against defendant for benefit of other creditors. (f) Plaintiff already has a judgment for attorney's fees on said note, and there is no law or equity that will allow him any fees in this suit. This demurrer was overruled, and the defendant excepted. He answered, admitting some of the allegations of the petition and denying others. Upon the trial the jury returned a verdict for the plaintiff for the amount of principal and interest sued for, and $150 attorney's fees. DeLoach made a motion for a new trial, which was overruled, and he excepted.

*H. H. Elders*, for plaintiff in error. *P. M. Anderson*, contra.