23344. KELLEY *v.* CAROLINA LIFE INSURANCE COMPANY.

DECIDED DECEMBER 1, 1933.

*John J. Hennessy, Frederick A. Tuten,* for plaintiff.
*Shelby Myrick,* for defendant.

SUTTON, J. 1. An unauthorized act or transaction by an agent in excess of his authority becomes binding and obligatory upon his principal, if the latter, with knowledge of the facts, receives and retains the benefit thereof, since such acceptance of the benefit amounts to an implied ratification of such act, whether the principal intends thereby to ratify it or not. *American Exchange Bank* v. *Georgia Construction &c. Co.,* 87 *Ga.* 657 (13 S. E. 505); *Hughes* v. *Neal Loan & Banking Co.,* 97 *Ga.* 383 (23 S. E. 823).

2. There is a legal presumption, in the absence of proof to the contrary, that an agent has performed his duty and paid over and accounted to his principal for moneys collected by him in his capacity as agent, and the burden is on the principal to show the contrary. 2 C. J., § 656.

3. While ratification of an unauthorized act of an agent is not to be presumed, the acts of a principal are to be liberally construed in favor of an adoption of the acts of the agent, and when the unauthorized act of the agent is done in the execution of power conferred, but in excess or misuse thereof, a presumption of ratification readily arises from slight acts of confirmation, or from mere silence or acquiescence, or where the principal receives and holds the fruits of the agent's act. 2 C. J., §§ 657, 658.

4. While an insurance agent is without authority to bind his principal by any waiver of the terms of the policy after a forfeiture has already taken place (*Finleyson* v. *Liverpool &c. Ins. Co.*, 16 *Ga. App.* 53, 84 S. E. 311; *Volunteer State Life Ins. Co.* v. *McGinnis*, 29 *Ga. App.* 370, 374, 115 S. E. 287), yet a forfeiture of the policy for nonpayment of a premium when due is waived by an unconditional acceptance of payment of the premium by the principal after such default. *Georgia Masonic Mutual Life Ins. Co.* v. *Gibson*, 52 *Ga.* 640; *German &c. Life Ins. Asso.* v. *Farley*, 102 *Ga.* 720 (3) (29 S. E. 615); *Neal* v. *Gray*, 124 *Ga.* 510 (52 S. E. 622); 32 C. J., §§ 625, 628.

5. Applying the foregoing principles, the court erred in non-suiting the plaintiff. This was a suit on a policy of industrial life-insurance. Plaintiff's evidence showed that she was seven weeks behind with premiums on the policy of insurance, which was on the life of her granddaughter;. that the policy provided that there was allowed a grace of four weeks in the payment of such weekly premium, during which time the policy would remain in full force and effect; that the policy provided that no agent could waive any forfeiture of the contract of insurance and that if the weekly premiums became more than four weeks in arrears the policy would lapse and an agent had no authority to accept the premiums and reinstate the policy; that the plaintiff was the beneficiary under the policy and also had been paying the premiums thereon; that about 9:30 o'clock on the morning of April 25, 1932, the regular agent of the defendant, who had the debit, which included the policy of insurance in this case, called on the plaintiff and collected from her four weekly premiums, giving her credit therefor on the premium receipt-book, which paid the policy of insurance up to April 4, 1932; that on the same day, but after the plaintiff had paid such premiums to the agent, at about 1:30 p. m., the insured died, being

at the time in a distant city; that the plaintiff furnished proof of death, and that the company refused to pay the loss, on the ground that the policy had lapsed and that the agent had no authority to accept such premiums and reinstate the policy. The documentary evidence showed that at one time prior to April 25, 1932, plaintiff had been more than four weeks behind with the payment of the weekly premiums and collection thereof had been made, and accepted by the company without lapsing the insurance contract. The policy sued on was entered on the lapse register of the defendant as lapsed on May 2, 1932. There is no evidence that the defendant insurance company returned or offered to return the premiums collected by its regular collecting agent from the plaintiff on April 25, 1932; and suit was not brought until July 22, 1932. Under the evidence, we are of the opinion that plaintiff made a prima facie case which should have been submitted to the jury on the issue as to whether or not the defendant had ratified the act of its agent in collecting the premiums on April 25, 1932, by retaining the premiums so collected.

*Judgment reversed. Stephens, J., concurs. Jenkins, P. J., dissents.*

JENKINS, P. J., dissenting. This case appears to be decided under the principle of law laid down in the second division of the syllabus, to wit that the company is presumed to have received the money paid to the collecting agent, and by so doing ratified the collection made by the agent. The proposition of law in the second division of the decision I deem to be sound, but it applies only in cases where the agent is authorized to collect. Accordingly, in the instant case, it appearing without dispute that the policy had lapsed and under its terms had become null and void, it was not within the scope of the agent's authority to tentatively reinstate the policy by collecting premiums not called for by the terms of the policy, so as to raise a presumption, in the absence of any proof made by the plaintiff, that the company had received and accepted the unauthorized collection made by its agent. I therefore think that the court did not err in nonsuiting the plaintiff because she had failed to carry the burden of proof by showing that the company had actually received the money collected by the agent, which by the terms of the policy he was not authorized to collect.