### 55507. KLINGBEIL v. RENBAUM et al.

McMURRAY, Judge.

This case involves a suit on a surety agreement against multiple defendants. Atlanta Syndicates, Inc. was the maker of a note under seal, payable to plaintiffs (Renbaum et al.), which is in default. Attached to this note

is a surety agreement whereby the endorsers of the surety agreement guarantee a percentage of the note, the percentage being fixed by the amount of the endorser's interest in a joint venture known as Antioch Creek Associates.

One of the signatures to the surety agreement is "Robert T. Klingbeil, M.D. by Clifford T. Klingbeil, attorney in fact." It is uncontroverted that this endorsement was made by Clifford T. Klingbeil, son of Robert T. Klingbeil, who purported to act in behalf of his father.

By deposition defendant Robert T. Klingbeil has testified that his son Clifford telephoned his wife (Mrs. Robert T. Klingbeil) and that she told Clifford to go ahead with the investment which ultimately gave rise to the endorsement in question. Defendant also testified that he did not learn of the conversation and of the action of his son Clifford until one or two days after his name had been signed to the surety agreement in question. He further testified that after learning of his son Clifford's action he took no steps to repudiate or disavow his signature because he believed he had no legal right to do so. There is no evidence that during the subsequent period of more than two years prior to default on the note and initiation of this action on the surety agreement that this defendant made any attempt to repudiate his signature. On the contrary, defendant made several payments pursuant to the joint venture agreement.

Plaintiffs moved for summary judgment against certain of the defendants. This motion was granted, the trial court finding that there was no just reason for delaying entry of final judgment and ordered that final judgment be entered.

Defendant Klingbeil appeals, contending that the endorsement by his son Clifford was ineffective under the equal dignities doctrine because Clifford was not authorized under seal to act in his behalf. Defendant Klingbeil further contends that he has not ratified the acts of his son Clifford in signing his name to the surety agreement in question. *Held:*

1. A principal may by ratification or by failure to repudiate acts of his alleged agent become bound. See

Code § 4-303; *Lippincott & Co. v. Behre,* 122 Ga. 543 (4) (50 SE 467); *Bush v. Fourcher,* 3 Ga. App. 43, 49 (59 SE 459); *Haney School Furniture Co. v. Hightower Baptist Institute,* 113 Ga. 289 (2) (38 SE 761).

2. The note to which the surety agreement in question was attached is an instrument executed by the corporation under seal. The surety agreement with which we are concerned is a separate document and contains no statement in the body of the instrument that it is an instrument under seal. Nor does it contain a seal or representation thereof following the signatures of the endorsers. The instrument in question is not a contract under seal; therefore, no writing under seal is required to ratify the actions taken in behalf of defendant Klingbeil. *Lynch v. Poole,* 138 Ga. 303 (75 SE 158). Hence, the authority of Clifford Klingbeil to execute the contract is not required to be given in writing and under seal. Compare *Neely & Co. v. Stevens,* 138 Ga. 305 (1) (75 SE 159).

3. Defendant's uncontroverted statement was that he was informed of the action taken by his son Clifford a day or two after it had occurred, that the decision made by his wife was unacceptable to him and that he had been unhappy with the investment from the time he had first learned of it. But, defendant had made payments as required pursuant to the joint venture agreement and had taken no action to repudiate his son Clifford's action in signing his name to the surety agreement over the course of more than two years which had ensued prior to this action. If, after knowledge of what the agent has done, the principal makes no objection for an unreasonable time, a ratification results by operation of law. Generally, the question of what is an unreasonable period of time is one for the jury. See *Griggs v. Dodson,* 223 Ga. 164 (2), 170 (154 SE2d 252); *Wielgorecki v. White,* 133 Ga. App. 834, 838 (1) (212 SE2d 480); *Glisson v. Burkhalter,* 31 Ga. App. 365, 366 (4) (120 SE 664); *Mendel v. Converse & Co.,* 30 Ga. App. 549, 556 (31) (118 SE 586).

Accordingly, issues of fact remain for jury determination as to whether an unreasonable time has passed so as to result in a ratification as a matter of law; also, as to whether or not defendant's action or nonaction

has resulted in ratification. The trial court erred in granting plaintiffs' motion for summary judgment.

4. Under the above rulings, the trial court did not err in denying defendant's motion for judgment on the pleadings.

*Judgment reversed. Quillian, P. J., and Webb, J., concur.*

ARGUED MARCH 7, 1978 — DECIDED JUNE 15, 1978 — REHEARING DENIED JULY 10, 1978.

W. LaRue Boyce, Jr., for appellant.
*Gershon, Ruden, Pindar & Olim, Max Olim,* for appellees.