## 56994. SANDERS v. FULTON NATIONAL BANK.

WEBB, Judge.

Fulton National Bank was granted summary judgment in its action on a note endorsed by Connelly Sanders, Jr. Sanders in his appeal charges error, contending that there was a material question of fact to be determined by a jury, that evidence was not allowed as to the nature of his "endorsement," and that the trial court refused to consider answers to interrogatories filed. His contentions are without merit, and we affirm.

1. There is nothing in the record before us to indicate that the trial court refused to consider the responses of Sanders to the bank's first interrogatories. The court's order granting summary judgment recites "on the basis of the pleadings, affidavits and argument of counsel, and based upon the findings of fact and conclusions of law herein. . ." Appellant does not show this court the facts

contained in his answers to the interrogatories which would have rendered improper the grant of summary judgment.

2. Code Ann. § 38-509 allows, as appellant contends, an explanation of one's blank endorsement of a note, but here there is no evidence in the record tending to explain his endorsement of the note. A party opposing a motion for summary judgment must come forward with affidavits or other evidence showing specifically that there is a genuine issue for trial. He may not simply rest upon a mere allegation, but must respond by affidavits or otherwise as provided by the Civil Practice Act and set forth specific facts. *Healthdyne, Inc. v. Henry,* 144 Ga. App. 52, 54 (240 SE2d 259) (1977).

3. Appellant argues, without clearly showing under which enumerated error, that the bank by delaying the filing of the suit increased his risk and he therefore should be discharged from his obligation, citing Code Ann. § 103-203. Nowhere, however, does appellant allege that there was a consideration given to the bank for any alleged delay in the prosecution of its suit. *Baumgartner v. McKinnon,* 10 Ga. App. 219, 226 (73 SE 519) (1912). Furthermore, he presented no evidence that he was damaged or his risk increased by any alleged delay.

*Judgment affirmed. Bell, C. J., and Banke, J., concur.*

ARGUED JANUARY 3, 1979 — DECIDED JANUARY 11, 1979.

*Moulton, Carriere, Cavan & Maloof, J. Wayne Moulton,* for appellant.

*Macey & Zusmann, Dennis M. Hall,* for appellee.