## 55720. COPPAGE v. MELLON BANK, N. A.

BANKE, Presiding Judge.

The appellee brought this action for a writ of possession to foreclose a security interest in a mobile home, and the appellant filed a counterclaim based on an alleged violation of the Retail Installment Home Solicitation Sales Act. A jury found for the appellee on both the main action and the counterclaim. The appellant filed this appeal from the denial of his motion for new trial. *Held:*

1. The appellee originally verified its petition for writ of possession before a notary public rather than before a judge, justice of the peace, or court clerk, as required by Code Ann. § 67-702 (Ga. L. 1974, pp. 398, 399, as amended through Ga. L. 1978, p. 1705). This defect was later corrected by amendment. In a previous decision in this case reported at 147 Ga. App. 233 (248 SE2d 330) (1978), we originally held that such an amendment was impermissible under *Jordan v. Ford Motor Credit Co.,* 141 Ga. App. 280 (233 SE2d 256) (1977). However, the Supreme Court subsequently reversed, holding the defect to be an amendable one under the Civil Practice Act. *Mellon Bank, N. A. v. Coppage,* 243 Ga. 219 (253 SE2d 202) (1979).

2. The evidence was ample to support the issuance of the writ of possession. It was undisputed that the appellant was in default on the retail installment contract which he executed in purchase of the mobile home and that this contract and the accompanying security agreement had been assigned to the appellee. The fact that the contract may have required the appellant to pay a finance charge in excess of that allowed by the Motor Vehicle Sales Finance Act, Code Ann. § 96-1001 et seq., would have no bearing on the appellee's right to take possession of the vehicle, since the appellant was in any event liable for the principal amount due and had paid only a small fraction of this amount. Accord, *Smith v. Society Nat. Bank,* 141 Ga. App. 19 (3) (232 SE2d 367) (1977).

3. The remaining enumerations of error have either been abandoned for failure to provide argument or

citation of authority in their support or have been reviewed and determined to be without merit.

*Judgment affirmed. Underwood and Carley, JJ., concur.*

DECIDED MAY 23, 1979.

*Elsie H. Griner, J. Laddie Boatright,* for appellant.
*Memory & Thomas. Terry A. Dillard,* for appellee.