76706. JONES v. KIM.
(374 SE2d 820)

BENHAM, Judge.

Appellee Kim sued appellant Jones on a promissory note and was granted judgment on the pleadings. Appellant contends it was error to grant judgment in favor of appellee and to deny appellant's motion for summary judgment.

Attached to appellee's complaint was a copy of the promissory note in which appellant allegedly promised to pay appellee $18,000 in specified monthly installments, bearing no interest. In his answer, appellant denied appellee's allegations and asserted as a separate defense that appellee had loaned him $12,000 and that appellee's demand for $18,000 made the note usurious. Appellant submitted an expert affidavit on the issue of the rate of interest being charged on a $12,000 debt, and appellee executed an affidavit in which he stated he had loaned appellant $18,000 at no interest. Concluding that it was undisputed that appellant had executed the promissory note in exchange for valuable consideration, and that no payments had been made on the note, the trial court granted appellee's motion for judgment on the pleadings in the amount of $18,000, with legal interest from the date of demand.

1. Appellee's motion to dismiss the appeal is denied. See OCGA § 5-6-48.

2. A plaintiff is not entitled to judgment on the pleadings where the answer raises issues of fact which, if proved, would defeat recovery. *Kramer v. Johnson*, 121 Ga. App. 848 (2) (176 SE2d 108) (1970). " ' "For the purposes of the motion, all well-pleaded material allegations of the opposing party's pleadings are to be taken as true, and all allegations of the moving party which have been denied are taken as false." ' " *Christner v. Eason*, 146 Ga. App. 139, 140 (245 SE2d 489) (1978). Appellant's general denial of the allegations contained in appellee's complaint was sufficient to raise the defense of denial of the execution of the note, which, in turn, meant that appellant did not admit the signature within the meaning of OCGA § 11-3-307. *Spurlock v. Commercial Banking Co.*, 151 Ga. App. 649 (3b) (260 SE2d 912) (1979). Thus, the introduction of the promissory note did not establish, as a matter of law, appellee's right to the judgment sought. Compare *Brooks v. McCorkle*, 174 Ga. App. 132 (329 SE2d 214) (1985).

3. It does not follow that the erroneous grant of judgment on the pleadings to appellee should result in the grant of summary judgment to appellant. Appellant's answer itself raised the material issue of execution of the promissory note (see Division 2), and appellant's assertion of usury does not constitute a complete defense to appellee's allegations.

*Judgment reversed. McMurray, P. J., and Pope, J., concur.*

DECIDED OCTOBER 24, 1988.

*Charles C. Carter*, for appellant.
*Jerry D. Sanders*, for appellee.