### A90A0406. HENDRIX v. FIRST BANK OF SAVANNAH.
(394 SE2d 134)

SOGNIER, Judge.

Thomas L. Hendrix brought suit against the First Bank of Savannah, alleging that the bank had converted his funds when it accepted for deposit to his attorney's escrow account a check payable to Hendrix bearing an allegedly forged endorsement. The trial court granted the bank's motion for summary judgment and Hendrix appeals.

The record reveals that after his wife died, appellant retained the services of attorney William Braziel, an old family friend, to assist in collecting funds due him as a result of his wife's death, including paychecks, insurance proceeds, and other benefits. No specific written or oral authorization to endorse the checks was given Braziel by appellant at that time, but it is uncontroverted that Braziel had represented appellant several times previously, and on those occasions was given such authority and, in fact, did endorse and deposit checks without complaint from appellant. The check in question was issued in October 1987 by Mutual Benefit Insurance Company for payment of the proceeds of a life insurance policy issued to appellant's deceased wife as a fringe benefit of her employment at a local hospital and on which appellant was the designated beneficiary.

OCGA § 11-3-419 (1) (c) provides that an instrument is converted when it is paid on a forged endorsement. The trial court granted appellee's motion for summary judgment on two primary grounds: that appellee had acted in good faith and in accordance with commercially reasonable standards pursuant to OCGA § 11-3-419 (3) in accepting the check for deposit into Braziel's escrow account; and that even if the endorsement was unauthorized, pursuant to OCGA §§ 11-3-404 and -406 appellant had both by his subsequent actions and his inaction ratified the alleged forgery.

Appellant asserts several alternate bases for his contention that the trial court erred by granting appellee's motion for summary judgment, and we address the last of these first, because even if jury issues remain regarding whether appellee acted in accordance with

commercially reasonable standards, it is apparent that there was nothing irregular or suspicious about the endorsement on its face which would estop appellee from asserting the defense of ratification, which was uncontroverted. Compare *Trust Co. Bank of Augusta v. Henderson*, 258 Ga. 703, 704 (1) (373 SE2d 738) (1988) (bank accepted for deposit into an employee's personal account checks payable to a hotel and endorsed in blank rather than with the hotel's usual stamped restrictive endorsement); *National Bank of Ga. v. Refrigerated &c. Co.*, 147 Ga. App. 240 (II) (248 SE2d 496) (1978) (checks were made payable to a corporation and deposited to the account of another corporation). Thus, if appellant, by his own conduct, ratified Braziel's unauthorized signature on the check, he is precluded from recovering on a claim for conversion against appellee, see OCGA §§ 11-3-404; -406, and summary judgment for appellee was proper.

1. Ratification, the confirmation by one of an act performed by another without authority, is an affirmative defense, and the burden of proving it is on the party asserting it. *Griggs v. Dodson*, 223 Ga. 164, 169, 171 (2) (154 SE2d 252) (1967). The ratification must be made by the principal with knowledge of the material facts, id. at 170, and "may be express or implied from the acts or silence of the principal." OCGA § 10-6-52. "[I]f the principal, with full knowledge of all the material facts, accepts and retains the benefits of the unauthorized act, he thereby ratifies the act." (Citations and punctuation omitted.) *Hyer v. C & S Nat. Bank*, 188 Ga. App. 452, 453 (373 SE2d 391) (1988).

In this case, appellant admitted that he discovered the alleged forgery in February 1987. The record reveals, however, that he failed to notify appellee of this alleged forgery until the filing of this action in October 1987, nor did he take any action against Braziel at the time of his discovery of the alleged forgery. Rather, appellant continued to retain Braziel as his attorney to collect similar benefit checks until July 1987. Further, although the deposition testimony of Braziel and appellant conflicts as to *when* the decision was made to treat Braziel's deposit of the check in question as a loan and as to whether a note was ever executed *for the amount of that check*, it is undisputed that either before the check was deposited or when appellant discovered the alleged forgery in February 1987, an agreement *was* reached to treat the deposited check as a loan, and that Braziel made payments to appellant of both principal and interest.

Moreover, subsequent to appellant's discovery of the alleged forgery, he made further loans to Braziel, and on April 13, 1987 Braziel executed a security deed covering the total amount lent to him by appellant, $293,584.48, this amount exactly equalling the sum of the subject check plus three other undisputed loans, and pledged as collateral four parcels of property owned by Braziel. By appellant's own

admission, in July 1987 he lent Braziel another $10,000 without a note. In September 1987 appellant, through his new attorney, notified Braziel that the notes were in default, but no accusations of forgery or conversion were made. In October 1987 Braziel instituted bankruptcy proceedings, and the schedules filed reflected $228,584 owed to appellant, which included all loans made including the approximately $83,000 from the insurance proceeds check in question here, less $75,000 paid toward the principal by Braziel.

"[T]he acts of a principal are to be liberally construed in favor of an adoption of the acts of the agent, and when the unauthorized act of the agent is done in the execution of power conferred, but in excess or misuse thereof, a presumption of ratification readily arises from slight acts of confirmation, or from mere silence or acquiescence, or where the principal receives and holds the fruits of the agent's act. [Cit.]" *Kelley v. Carolina Life Ins. Co.*, 48 Ga. App. 106, 107 (3) (171 SE 847) (1933). In the case sub judice, not only does appellant admit that he failed to notify appellee or take action against the alleged forger for eight months after discovery, a silence from which ratification ordinarily may be presumed, the evidence establishes that he also chose to treat the alleged forgery as though it were a loan, thereby reaping benefit in the form of security, as well as interest and principal payments, and thereby indicating ratification as well.

Although it is true, as argued by appellant, that whether an unreasonable period of time passed before appellant's notification to appellee so as to result in a ratification is usually an issue for the jury, see *Klingbeil v. Renbaum*, 146 Ga. App. 591, 593 (3) (246 SE2d 698) (1978), the " 'peculiar circumstances' " of the facts presented here, see *Griggs*, supra at 170, particularly appellant's affirmative acts strongly indicating ratification, distinguish this case from *Klingbeil*, supra, and other cases where only silence or mere inaction of the principal is offered to show ratification. Moreover, no evidence was presented by appellant in support of his position that his actions did not constitute ratification, in opposition to the motion for summary judgment. "A party opposing a motion for summary judgment must come forward with affidavits or other evidence showing specifically that there is a genuine issue for trial. He may not simply rest upon a mere allegation, but must respond by affidavits or otherwise as provided by the Civil Practice Act and set forth specific facts. [Cit.]" *Sanders v. Fulton Nat. Bank*, 148 Ga. App. 684, 685 (2) (252 SE2d 189) (1979). Under these circumstances, we find no error in the trial court's grant of summary judgment to appellee on the ground that by his actions, appellant ratified any unauthorized endorsement.

2. Our decision in Division 1, supra, renders it unnecessary that we address appellant's other enumerations of error.

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED MAY 3, 1990.

*Hunter, Maclean, Exley & Dunn, Therese F. Pindar, Michelle P. Jordan*, for appellant.
*Downing, McAleer & Gaskin, James E. McAleer, Jr., Bouhan, Williams & Levy, Leamon R. Holliday III*, for appellee.