A97A1336. SOUTHTRUST BANK OF GEORGIA v. PARKER et al.
(486 SE2d 402)

ELDRIDGE, Judge.

On March 4, 1996, Southtrust Bank of Georgia, formerly known as Bankers First Savings Bank, appellant, sued Curtis C. Parker and Fannie M. Parker, on an installment sales contract and note in the original amount of $14,995, executed on February 7, 1995 by Curtis C. Parker and Fannie M. Parker. Curtis C. Parker was not found to be served, but Fannie M. Parker was served. The original agreement and note were made between the Parkers and Southeastern Summit Corporation and assigned to appellant as a holder in due course. A deed to secure debt was signed Curtis C. Parker and Fannie M. Parker and witnessed by an unofficial witness and another witness who went before a notary public to swear that he had witnessed the parties execute the deed to secure debt as well as the other witness but did not reveal whether or not he was a notary public signing the deed as an official witness.

At the time of the purported loan agreement, Curtis C. Parker and Fannie M. Parker were living together as husband and wife in the subject property. At the time the complaint was filed, the Parkers had separated. Fannie Parker admitted that Curtis Parker signed the instruments without her consent to put siding on the house and cross-claimed against him. Curtis Parker in his answer contended that Fannie Parker was liable since she now has possession of the house.

Fannie M. Parker, appellee, answered and filed a cross-claim against Curtis C. Parker and a third-party action against Southeastern Summit Corporation, raising the issue of forgery of her signature on the installment sales contract, note, and disclosure statement. On June 7, 1996, appellee amended her answer.

On June 7, 1996, appellee filed a motion for summary judgment. In support of such motion, appellee attached her own affidavit in which she states that the deed to secure debt, installment sales contract, note, and disclosure statement all have her forged signature because she never signed these documents. She also denies authorizing anyone to sign for her.

On June 25, 1996, Southeastern Summit Corporation filed an answer, in which it neither admitted nor denied the allegation of forgery.

On July 1, 1996, appellant filed its responsive brief in opposition.

On August 16, 1996, the trial court granted summary judgment.

On August 27, 1996, Curtis C. Parker answered and admitted by verified answer that he and Fannie M. Parker had entered into and had signed the note.

On September 11, 1996, appellant filed its notice of appeal.

1. Appellant's first enumeration of error is that the trial court erred in granting summary judgment.

Appellant is a holder in due course within the meaning of OCGA § 11-3-302. (Ga. L. 1962, p. 156, § 1.)[1] *Equitable Discount Corp. v. Guest*, 103 Ga. App. 258 (1) (118 SE2d 864) (1961); *West v. FDIC*, 149 Ga. App. 342, 349 (254 SE2d 392), aff'd, 244 Ga. 396 (260 SE2d 89) (1979).

Under OCGA § 11-3-304 (1) (a), there existed no visible evidence of forgery or alteration to put the holder in due course on notice of any forgery. Therefore, under OCGA § 11-3-305 (2), the holder in due course takes the note free from most defenses. The defenses that the status of the holder in due course does not cut off are denominated as "real" defenses. "Unlike those 'personal' defenses which the holder in due course takes free from, the real defenses are so quintessential to the obligation that even the very status of holder in due course does not freely elude the grasp of the defenses. As a general rule, any defense which would be sufficient to make a simple contract void, such as illegality or duress or incapacity, is likely also to shut off the sheltered privileged status of the holder in due course." Squillante, A. M., Fonseca, J. R., II The Law of Modern Commercial Practices, pp. 77-78, § 5:29 (hereinafter "Squillante"). Such defenses are set forth in OCGA § 11-3-305 (2). "Subdivision (c) of § 2-305 draws a familiar distinction between fraud in the factum and fraud in the inducement. Fraud in the inducement is no defense to an attempt by a holder in due course to enforce an instrument against a party to it. The comment to § 3-305 emphasizes that the mere existence of fraud in the factum will not here be a defense; rather, the fraud must have been of a sort that is not reasonably preventable by the obligor under the circumstances. Fraud in the factum most often arises where the obligor is asked to sign a document and he does so because he was deceived into believing that the document is something other than a negotiable instrument. The import of § 3-305 (2) (c) is that if, in the light of the circumstances surrounding the deception which occurred in the transaction, the obligor's ignorance of what was being signed was excusable, then the holder in due course of the instrument so signed must suffer the defenses of fraud being asserted against him."

---

[1] Ga. L. 1996, p. 1306, § 3 amended Part 3 of the UCC, but is inapplicable because the contract date is February 7, 1995.

Squillante, supra at 78-79.

Under OCGA § 11-3-307 (1), "[u]nless specifically denied in the pleadings each signature on an instrument is admitted." In the case sub judice, appellee in her answer denied signing either document. Under OCGA § 11-3-307 (1) (a) and (b), when the answer denies that the signature is valid, "[t]he burden of establishing [the signature] is on the party claiming under [it]; but . . . [t]he signature is presumed to be genuine or authorized except where the action is to enforce the obligation of a purported signer who has died or become incompetent before proof is required." See also Squillante, supra at p. 90, § 5:31. However, such presumption may be rebutted where the purported maker denies both knowledge and signature and produces other evidence separate from the sworn denial of execution in support of the defense of forgery, and there exist irregularities on the face of the negotiable instrument that would place a reasonable person on notice under a reasonable commercial standard. *Fabe v. Floyd*, 199 Ga. App. 322, 325 (2) (405 SE2d 265) (1991). When the signature on the instrument complies with OCGA § 11-3-401 or § 11-3-403 (3), it is presumed to be valid; a general denial in the answer raises the defense of non est factum and creates a factual question as to the authenticity of the signature and keeps the signature from being deemed admitted under OCGA § 11-3-307. *Jones v. Kim*, 189 Ga. App. 5, 6 (2) (374 SE2d 820) (1988); *Spurlock v. Commercial Banking Co.*, 151 Ga. App. 649, 652 (2) (260 SE2d 912) (1979); *Modern Free & Accepted Masons of the World v. Cliff M. Averett, Inc.*, 118 Ga. App. 641, 643 (2) (165 SE2d 166) (1968). Until evidence is produced that the signature is forged or unauthorized, the holder is not required to prove the signature's authenticity even if denied in the answer and the holder in due course has the right to rely upon the presumption of authenticity. *Gate City Furniture Co. v. Rumsey*, 115 Ga. App. 753 (156 SE2d 221) (1967); *Equitable Discount Corp. v. Guest*, supra. On motion for summary judgment the movant, who asserts forgery as a defense, has the burden of proof that the signature is not authentic and, if so, not authorized, even though the respondent holder in due course would have such burden at trial. OCGA § 9-11-56; see *Massey-Ferguson Credit Corp. v. Wiley*, 655 FSupp. 655 (M. D. Ga. 1987).

"The only type of fraud assertable against a holder in due course under subsections 2 (c) of the Georgia statute (OCGA § 11-3-305 (2) (c)) is fraud in factum." *Milligan v. Gilmore Meyer, Inc.*, 775 FSupp. 400 (S. D. Ga. 1991).

Authorization to sign for the spouse where the funds are spent for home improvements is implied from the relationship and can be rebutted by evidence of lack of actual authority; however, the lack of actual, implied, or apparent authority when denied in the pleading is a question of fact for a jury. *Holliday Constr. Co. v. Sandy Springs*

*Assoc.,* 198 Ga. App. 20, 21 (1) (400 SE2d 380) (1990); *Bank South, N. A. v. Midstates Group,* 185 Ga. App. 342, 344-345 (1) (364 SE2d 58) (1987).

While an unauthorized signature cannot bind a party when forged, if the unauthorized signature is ratified, then the signature becomes binding through ratification of the document. OCGA § 11-3-404 (2). For ratification to be effective, the principal must know of the act of the agent, either at the time of making the declaration deemed to be ratified or at the time of doing acts which indicate the ratification; either action or inaction may be evidence of ratification. *Hendrix v. First Nat. Bank of Savannah,* 195 Ga. App. 510 (394 SE2d 134) (1990); *Nat. Bank of Ga. v. Refrigerated Transp. Co.,* 147 Ga. App. 240, 243 (2) (248 SE2d 496) (1978).

The installment sales agreement, note, and disclosure statement state on its face that siding and thermal wall insulation were installed on appellee's home; the complaint sets forth that, from February 7, 1995, until January 24, 1996, nothing had been paid on the note, and the appellee continued to live in such home with the improvements at the time of service on March 11, 1996.

" 'If the principal, with full knowledge of all the material facts, accepts and retains the benefits of the unauthorized act, [she] thereby ratifies the act.' (Citation and punctuation omitted.) *Hyer v. C & S Nat. Bank,* 188 Ga. App. 452, 453 (373 SE2d 391) (1988)." *Hendrix v. First Nat. Bank of Savannah,* supra at 511-512; see also *Kelley v. Carolina Life Ins. Co.,* 48 Ga. App. 106, 107 (3) (171 SE 847) (1933). A factual question of ratification is raised by appellee's accepting the benefits of the work without payment, an issue which appellee did not address in her affidavit.

When OCGA §§ 11-3-404 (1) and 11-3-406 are read in para materia with each other and an instrument is forged, in order to estop or preclude such defense, the holder in due course must show that the neglect of the one whose signature appears comes within OCGA § 11-3-406. *Trust Co. of Ga. Bank of Savannah v. Port Terminal &c. Co.,* 153 Ga. App. 735, 737-742 (1) (266 SE2d 254) (1980). Ratification satisfies OCGA § 11-3-406, as well as negligence. *Hendrix v. First Bank of Savannah,* supra at 510. A fact question exists as to whether a reasonable person in accordance with reasonable commercial standards would be put on notice of some impropriety appearing either from the form of the instrument and its endorsement or from knowledge of the facts outside the instrument itself. *Tifton Bank &c. Co. v. Knight's Furniture Co.,* 215 Ga. App. 471, 474 (2) (452 SE2d 219) (1994); *Trust Co. of Ga. Bank of Savannah v. Port Terminal &c. Co.,* supra at 740; *Thornton & Co. v. Gwinnett Bank &c. Co.,* 151 Ga. App. 641 (260 SE2d 765) (1979). Failure of the holder to inquire into the endorsement will not prohibit the holder from assert-

ing a counter defense, commercial reasonableness, to the defense of forgery. *Trust Co. of Ga. Bank of Savannah v. Port Terminal &c. Co.*, supra at 737-742. If the endorsement appeared altered or "a patently irregular endorsement," appellant would not have complied with reasonable commercial standards under the circumstances. *Nat. Bank of Ga. v. Refrigerated Transp. Co.*, supra at 243-245; see also *Trust Co. Bank of Augusta v. Henderson*, 258 Ga. 703, 704 (1) (373 SE2d 738) (1988).

The trial court erred in granting summary judgment when issues of material fact exist.

2. The issue raised in enumeration of error two is now moot.

*Judgment reversed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED APRIL 28, 1997 — 

 Before Judge Mather.

*Warlick, Tritt & Stebbins, Douglas S. Broyles, Edward L. Speese*, for appellant.

*Maurice J. Bernard III*, for appellees.