## A04A2337. OAKWOOD ACCEPTANCE CORPORATION, LLC
### v. AHMAD et al.
(609 SE2d 700)

MILLER, Judge.

Oakwood Acceptance Corporation, LLC (Oakwood), appeals from the trial court's grant of summary judgment to Angela and Nasir Ahmad on Oakwood's second petition for a writ of possession for the Ahmads' mobile home. Oakwood had previously petitioned for a writ, but the petition was denied due to Oakwood's failure at that time to present evidence of the written contract with the Ahmads that gave Oakwood a security interest in the mobile home. Based on that ruling, the trial court concluded that even though Oakwood's second petition was (1) accompanied by the written contract and an affidavit verifying its validity and (2) based on a different time period than the first petition, Oakwood's petition was barred by res judicata. For the reasons that follow, we hold that the trial court erred in concluding that Oakwood's second petition was barred by res judicata, and further hold that the Ahmads have failed to create an issue of fact regarding their forgery defense. We therefore reverse the trial court's ruling granting summary judgment to the Ahmads and remand the case to the trial court with the direction that summary judgment be entered in favor of Oakwood.

On appeal from the grant or denial of a motion for summary judgment, we conduct a de novo review of the law and evidence, viewing the evidence in the light most favorable to the nonmovant, to determine whether a genuine issue of material fact exists and whether the moving party was entitled to judgment as a matter of law. *Holbrook v. Stansell*, 254 Ga. App. 553, 553-554 (562 SE2d 731) (2002).

So viewed, the evidence reveals that following the Ahmads' failure to make their November 2001 to February 2002 payments on their mobile home to Oakwood, Oakwood petitioned for a writ of possession for the mobile home. At the petition hearing, however, Oakwood failed to present evidence of the written contract with the Ahmads that gave Oakwood a security interest in the mobile home. The trial court therefore granted judgment in favor of the Ahmads based on Oakwood having "failed to prove a written contract and security interest in the mobile home, fixtures, furniture and appliances."

The Ahmads then failed to make their March 2002 to July 2002 mobile home payments, and Oakwood again petitioned for a writ of possession. This time, however, in addition to its evidence showing the debt owed, Oakwood presented its written contract with the Ahmads along with an affidavit validating the contract, and moved for summary judgment. The Ahmads denied the allegations in the

petition and moved for summary judgment themselves. They argued that (1) the second action for a writ of possession was barred by res judicata, and (2) that their signatures and initials on the contract had been forged. The trial court granted summary judgment to the Ahmads, prompting Oakwood to appeal.

1. Oakwood argues that the trial court erred in concluding that its second petition was barred by res judicata. We agree.

"The doctrine of res judicata prevents the re-litigation of all claims which have already been adjudicated, or which could have been adjudicated, between identical parties or their privies in identical causes of action." (Footnote omitted.) *Waldroup v. Greene County Hosp. Auth.*, 265 Ga. 864, 865 (1) (463 SE2d 5) (1995); see also OCGA § 9-12-40. The three prerequisites for res judicata to apply are (1) identity of the cause of action, (2) identity of the parties or their privies, and (3) a previous adjudication on the merits by a court of competent jurisdiction. *Waldroup*, supra, 265 Ga. at 866 (1).

Here, the second petition for a writ of possession was a cause of action distinct from that of the original petition. The first cause of action was based on the Ahmads' failure to make their November 2001 to February 2002 mobile home payments. The second cause of action, however, was based on their failure to make payments from March 2002 to July 2002 — payments that had not yet become due at the time the original action was filed. The second petition was therefore based on a separate cause of action from the first. See, e.g., *Baker v. Brannen/Goddard Co.*, 274 Ga. 745, 749 (2) (559 SE2d 450) (2002) (each breach of a contract payable in installments constitutes a separate cause of action); see also OCGA § 13-6-14.

The Ahmads' argument that the trial court declared in the first action that Oakwood did not have a valid contract with them is unpersuasive. The trial court did not rule that the contract was either invalid or nonexistent. It determined only that Oakwood had failed to present sufficient evidence of a contract to support its claim for possession based on the Ahmads' failure to make their November 2001 to February 2002 mobile home payments. This ruling did not apply to any contract that could be proven to show that Oakwood was entitled to possession based on defaults from a different time period. The trial court therefore erred in concluding that Oakwood's second petition for a writ of possession was barred by res judicata, and further erred in granting summary judgment to the Ahmads on that basis.

2. Oakwood contends that the trial court erred in failing to grant its motion for summary judgment. We agree.

Oakwood presented evidence that it was entitled to a writ of possession based on (1) the verified written contract granting it a security interest in the mobile home, and (2) evidence of the Ahmads'

failure to make their required payments. See, e.g., *Coppage v. Mellon Bank, N.A.*, 150 Ga. App. 92 (2) (256 SE2d 671) (1979). Faced with this prima facie showing, the Ahmads were obligated to come forward with evidence that would create an issue of fact in order to avoid summary judgment in Oakwood's favor. *Leah Enterprises v. Chouinard*, 189 Ga. App. 744, 745-746 (377 SE2d 514) (1988).

The Ahmads claim that the sworn affidavits in which they declare that they did not sign or initial the contract with Oakwood create an issue of fact regarding whether any contract exists. This is incorrect. A mere declaration that one did not sign a negotiable instrument does not create an issue of fact regarding its validity when one ratifies the signature, and thus the document, through his or her own actions. See *Hendrix v. First Nat. Bank of Savannah*, 195 Ga. App. 510, 511-512 (1) (394 SE2d 134) (1990); OCGA § 11-3-403 (a). The Ahmads do not dispute that (1) Oakwood sent the Ahmads a copy of the contract on September 14, 2001, at their request; (2) they moved into the mobile home on October 1, 2001; (3) they made payments to Oakwood for the mobile home for three months; and (4) they continued to live in the mobile home without making payments since December 2001. Even if we assume that the signatures and initials on the contract here are forged or otherwise unauthorized, the undisputed evidence reveals that the Ahmads ratified their signatures and the terms of the agreement. See *Hendrix*, supra, 195 Ga. App. at 511-512 (1). Thus, their forgery defense fails as a matter of law. Id.

The trial court therefore erred in failing to grant summary judgment to Oakwood, and we remand this case to the trial court with the direction that the court enter summary judgment in favor of Oakwood.

*Judgment reversed and case remanded with direction. Andrews, P. J., and Ellington, J., concur.*

DECIDED JANUARY 21, 2005.

*Kenney, Solomon & Medina, Robert J. Solomon, John A. Medina*, for appellant.
*Rentz & Shepard, Danny S. Shepard*, for appellees.